UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MARCELINO CAMACHO, et al.,

               Plaintiffs,

        v.

NATIONAL CREDIT ADJUSTMENT
AGENCY, et al.,

               Defendants.

No. CV-06-5040-FVS

ORDER

**THIS MATTER** comes before the Court without oral argument based upon a motion to dismiss.  The defendants are represented by Shea Meehan, David Broom, and Gary Hugill.  Mr. and Mrs. Camacho are represented by Michael D. Kinkley and Timothy Durkop.

**BACKGROUND**

Marcelino Camacho issued a $50.00 check to a store.  The check was dishonored by the drawee.  On or about April 23, 2004, a representative of National Credit Adjustment Agency mailed a notice of dishonor to Mr. Camacho.  The notice demanded that Mr. Camacho pay the sum of $92.99.  This included $1.99 in interest.  On May 19, 2006, Mr. Camacho and his wife, Maria, filed an action against National Credit Adjustment Agency and six individuals.  Their complaint alleges violations of both the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692-1692o, and the law of the State of Washington.  Some,

ORDER - 1

but not all, of the defendants move to dismiss the Camachoes' FDCPA claim under Federal Rule of Procedure 12(b)(6) on the ground that it is barred by the statute of limitations.  15 U.S.C. § 1692k(d).

**STANDARD**

The defendants are entitled to dismissal under Rule 12(b)(6) if "the running of the statute [of limitations] is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir.1980).  However, "a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir.1995).

**PROVISIONAL RULING**

Section 1692k(d) provides, "An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." *Id.*  In order to apply § 1692k(d) in this context, one must answer two questions.  The first is, "What constitutes a 'violation?'"  The second is, "When does a violation 'occur?'"

The parties have not cited a case that squarely addresses both questions.[1]  Some courts have ruled that, in the case of multiple

---

[1]These questions are drawn, by way of analogy, from *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 110, 122 S.Ct.

ORDER – 2

attempts to collect a debt, the statute of limitations begins to run upon the first attempt.  A subsequent attempt to collect the debt does not trigger a new one-year period.  *See, e.g., Wilhelm v. Credico Inc.*, 455 F.Supp.2d 1006, 1009 (D.N.D. 2006); *Sierra v. Foster & Garbus*, 48 F.Supp.2d 393, 395 (S.D.N.Y. 1999).  *Sierra* is instructive. In that case, a debt collector allegedly pressured a consumer to enter into an illegal debt-payment agreement.  This occurred on June 5, 1997.  *Id.* at 394.  Thereafter, the consumer allegedly breached the agreement.  *Id.*  The debt collector filed an action and served copies of a summons and complaint on January 21, 1998.  *Id.* at 395.  On December 8, 1998, the consumer filed an action alleging that the debt collector violated the FDCPA.  *Id.*  The District Judge ruled that the consumer's FDCPA claim was time-barred because it was based upon the 1997 agreement.  *Id.*  The debt collector's subsequent attempts to enforce the agreement and collect the debt did not trigger a fresh statute of limitations.  *Id.*

Some courts have recognized an exception to this rule when the defendant allegedly engaged in a pattern of conduct that collectively constitutes a single violation of the FDCPA.  *See, e.g., Joseph v. J.J. Mac Intyre Cos., L.L.C.*, 281 F.Supp.2d 1156, 1159-62 (N.D.Ca.2003).  Courts that recognize this exception typically rely upon the Supreme Court's analysis of hostile-environment claims in

2061, 2070, 153 L.Ed.2d 106 (2002).

ORDER - 3

*National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (hereinafter "*Morgan*").  *See, e.g., Joseph*, 281 F.Supp.2d at 1160-61.  They hold that, in cases involving a pattern of conduct (as opposed to unrelated discrete acts), an FDCPA claim is timely under the continuing violation doctrine as long as the plaintiff files the claim within one year of the last act that constitutes a violation.  *Id.* at 1161.

Not all courts agree that the continuing violation doctrine is applicable under § 1692k(d).  *See, e.g., Wilhelm*, 455 F.Supp.2d at 1009 (collecting cases).  In this instance, it is unnecessary to choose between the conflicting rules because, even if the continuing violation doctrine is applicable, it is applicable only in cases in which the defendant engaged in a large number of similar acts.  *See, e.g., Joseph*, 281 F.Supp.2d at 1161-62 ("over 200 calls to Plaintiff's residence during a nineteen-month period").  This case is readily distinguishable.  Mr. and Mrs. Camacho allege that the defendants engaged in five discrete acts:  mailing a notice of dishonor (April 23, 2004), filing an action in state court (June 3, 2005), serving the Camachoes with copies of the summons and complaint (June 14, 2005), sending a collection letter (September 6, 2005), and telephoning Mrs. Camacho to demand payment (May 17, 2006).[2]  In that regard, this case is much more similar to *Sierra* than *Joseph*.  Thus, if an FDCPA claim

---

[2](Amended Complaint (Ct. Rec. 2), ¶¶ 5.1, 5.5, 5.6, 5.12, and 5.14.)

ORDER - 4

accrued when the defendants mailed the notice of dishonor, the one

year statute of limitations began to run on that date.   The

defendants' subsequent attempts at collection did not extend the

deadline.[3]

   The FDCPA prohibits a debt collector from making a false

representation "in connection with the collection of [a] debt."   15

U.S.C. § 1692e.[4]   For example, he may not falsely state either the

amount owed by the consumer, 15 U.S.C. § 1692e(2)(A), or the

compensation which he may demand for his role in collecting the debt.

15 U.S.C. § 1692e(2)(B).   In addition, the FDCPA prohibits a debt

collector from using unfair means to attempt to collect a debt.   15

U.S.C. § 1692f.   For example, he may not attempt to collect any

amount, including interest, unless he is "permitted by law" to do so.

_____

[3]There is another reason why the statute of limitations
should be measured from the mailing of the notice of dishonor.
The defendants' post-2004 acts and communications violate § 1692f
and § 1692e only because the notice of dishonor did not comply
with RCW 62A.3-515 and RCW 62A.3-520.   Had the notice of dishonor
complied with these statutes, the defendants' post-2004 conduct
would not violate either § 1692f or § 1692e.   Since the alleged
illegality of the defendants' post-2004 acts and communications
is a function of the contents of the notice of dishonor (and
nothing else), the defendants' post-2004 acts and communications
cannot constitute truly independent violations of §§ 1692e and
1692f.   *Cf. Morgan*, 536 U.S. at 113, 122 S.Ct. at 2072 ("The
existence of past acts and the employee's prior knowledge of
their occurrence . . . does not bar employees from filing charges
about related discrete acts so long as the acts are independently
discriminatory and charges addressing those acts are themselves
timely filed.").

[4]The defendants do not dispute that they are "debt
collectors," 15 U.S.C. § 1692a(6), who were attempting to collect
a "debt," 15 U.S.C. § 1692a(5).

ORDER - 5

15 U.S.C. § 1692f(1).  Mr. and Mrs. Camacho suggest that the notice of dishonor violated both § 1692f and § 1692e.  According to them, the defendants were not permitted to demand the payment of interest at that point in time.  By doing so, say the Camachoes, the defendants falsely represented the amount due on the debt.

Section 62A.3-515(a) of the Revised Code of Washington ("RCW") lists the demands that may be made in a notice of dishonor.  Interest is not one of them.  *See id.*  If there is any doubt about this, it is removed by RCW 62A.3-520 and RCW 62A.3-525.  RCW 62A.3-520 contains a legislatively-approved notice of dishonor.  Anyone sending a notice of dishonor in the State of Washington must use substantially the same form.  *Id.*  The statutory form does not list interest as an item that may be demanded in a notice of dishonor.  *Id.*  That leads to RCW 62A.3-525.  A person who makes an unauthorized demand in a notice of dishonor forfeits remedies that otherwise would be available to him. Specifically, he is forbidden from recovering interest, collection costs, and attorneys' fees.  *Id.*

If, as Mr. and Mrs. Camacho allege, the defendants mailed the notice of dishonor that is attached to the Camachoes' complaint, the defendants committed at least two FDCPA violations.  For one thing, they made a demand for interest which they were not authorized to make at that point in time.  This constituted an unfair means of attempting to collect the debt.  15 U.S.C. § 1692f.  *See, e.g., Duffy v. Landberg*, 215 F.3d 871, 873, 875 (8th Cir. 2000) (debt collector

ORDER - 6

violated the law of the State of Minnesota and, thus, § 1692f(1), by overstating the amount of interest due).  For another thing, the defendants falsely represented the amount that the Camachoes owed.  15 U.S.C. § 1692e.

In the case of illegal written demands for payment, an FDCPA claim accrues when the debt collector places the demand in the mail. *Mattson v. U.S. West Comm'n*, 967 F.2d 259, 261 (8th Cir. 1992).  The defendants allegedly mailed the notice of dishonor on or about April 23, 2004.  Mr. and Mrs. Camacho had one year from that date in which to file a complaint.  15 U.S.C. § 1692k(d).  They did not do so. Consequently, the Camachoes' FDCPA claim is time-barred insofar as they are alleging that the defendants violated §§ 1692f and 1692e by unlawfully demanding interest and falsely representing the amount of the debt owed.

**IT IS HEREBY ORDERED:**

1. The motion to dismiss (**Ct. Rec. 12**) is granted provisionally.

2. The plaintiffs may move for reconsideration.  If they choose to do so, they shall file their motion and memorandum by March 23, 2007.

3. If the plaintiffs move for reconsideration, the defendants shall file a response by April 6, 2007.

4. The plaintiffs shall file their reply by April 16, 2007.

5. Memoranda shall not exceed ten pages in length.

6. The motion to withdraw (**Ct. Rec. 18**) is granted.

ORDER - 7

7. The motion to withdraw (**Ct. Rec. 21**) is granted.

8. A scheduling conference will be set.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this __8th__ day of March, 2007.

                    __s/ Fred Van Sickle__
                      Fred Van Sickle
                United States District Judge

ORDER - 8