UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARCELINO CAMACHO and MARIA CAMACHO,<br><br>             Plaintiffs,<br><br>        v.<br><br>NATIONAL CREDIT ADJUSTMENT AGENCY, et al.,<br><br>             Defendants. | No. CV-06-5040-FVS<br><br>ORDER DISMISSING REMAINING CLAIMS WITH PREJUDICE |

**THIS MATTER** came before the Court on March 15, 2011, for resolution of two issues.  One issue was whether the attorneys for the plaintiffs should be sanctioned as a result of their failure to participate in a hearing that was to have taken place on January 18, 2011.  The other issue was whether the Court should dismiss the plaintiffs' remaining claims.  This order serves to memorialize the Court's oral rulings.

**BACKGROUND**

National Credit Adjustment Agency allegedly attempted to collect a debt that was owed by Marcelino Camacho and Maria Camacho.  Attorney Gary C. Hugill allegedly represented National Credit Adjustment Agency in its debt-collection efforts.  The Camachoes sued the company, Mr. Hugill, and his spouse under the Fair Debt Collection Practices Act.  In addition, the Camachoes sued Luis A. Ojeda, who owned the company,

ORDER - 1

Olga Ojeda-Turnbull, who worked for the company, and their respective spouses. Faced with the Camachoes' claims, National Credit Adjustment Agency filed a cross-claim against Mr. Hugill and his spouse. The company alleged Mr. Hugill negligently represented its interests in the debt-collection action against the Camachoes. During September or October of 2008, the Camachoes settled their claims against Luis A. Ojeda, Olga Ojeda-Turnbull, and their respective spouses. Two months later, National Credit Adjustment Agency petitioned for relief under Chapter 7 of the Bankruptcy Code. The bankruptcy court appointed attorney Terry Nealey as the trustee for the bankruptcy action. Given the existence of the automatic stay, the plaintiffs' claims against National Credit Adjustment Agency remained dormant until the Fall of 2010. During October of that year, the Court asked counsel to explain why the Court should not dismiss any remaining claims in this case. Ultimately, a telephonic status-review hearing was scheduled for January 18, 2011. Counsel for the plaintiffs did not participate in the telephone call, so the Court canceled the hearing and ordered the plaintiffs' attorneys to show cause why they should not be sanctioned. A hearing took place on March 15, 2011. The plaintiffs were represented by Michael D. Kinkley and Scott M. Kinkley. Defendant Gary C. Hugill represented himself. Bankruptcy trustee Terry Nealey was represented by Scott Marinella. Michael Kinkley explained that he had failed to participate in the January 18th hearing because of a hearing in Spokane County Superior Court. The state hearing was delayed. Focused, as he was, on the state hearing, he forgot about

ORDER - 2

the federal hearing until he returned to his office.  After January 18th, he was able to contact his clients regarding their remaining claims.  They advised him they no longer desire to pursue them.  Consequently, on March 15th, Mr. Kinkley and his co-counsel filed a motion to dismiss on behalf of the plaintiffs.  At the hearing on January 18th, both Mr. Hugill and Mr. Marinella consented to dismissal of the plaintiffs' remaining claims against National Credit Adjustment Agency.  (The claims against Mr. Hugill were discharged in a separate bankruptcy proceeding.)

**IT IS HEREBY ORDERED**:

1. The Court declines to sanction counsel for the plaintiffs.  However, within 30 days, Michael Kinkley shall make a donation of two hundred fifty ($250.00) dollars to the charity of his choice and provide a receipt to the District Court Executive.

2. The plaintiffs' "Motion to Dismiss" (**Ct. Rec. 148**) is **granted**.

3. All remaining claims in this case are dismissed with prejudice.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to file this order, enter judgment accordingly, furnish copies to counsel, and close this case.

**DATED** this ___15th___ day of March, 2011.

                          s/ Fred Van Sickle
                            Fred Van Sickle
           Senior United States District Judge

ORDER - 3